**ERNIE WHITE, # 56097**                                                                PETITIONER

v.                                                                                    No. 1:13CV98-SA-DAS

**STATE OF MISSISSIPPI**                                                                RESPONDENT

## MEMORANDUM OPINION

This matter comes before the court on the petition of Ernie White for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State seeks [15] to dismiss the petition for failure to exhaust state remedies, and White has responded. The matter is ripe for resolution. For the reasons set forth below, the State's motion will be granted and the instant petition for a writ of *habeas corpus* dismissed for failure to exhaust state remedies.

### Facts and Procedural Posture

The Petitioner, Ernie White, is lawfully in the custody of Earnest Lee, Superintendent of the Mississippi State Penitentiary in Parchman, Mississippi. On August 29, 2012, White pleaded guilty to Possession of Methamphetamine in the Circuit Court of Lowndes County, Mississippi. At that time, the Circuit Court sentenced White, as an habitual offender pursuant to Miss. Code Ann. § 99-19-81, to serve eight (8) years in the custody of the Mississippi Department of Corrections. White has not filed a motion for post-conviction relief, though he did file a petition for a writ of mandamus in the Mississippi Supreme Court, which denied the petition.

"A fundamental prerequisite to federal habeas relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b)(1) prior to requesting federal collateral relief." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). A finding of exhaustion requires the petitioner to have "fairly presented the substance of his claims to the state

courts." *Sones v. Hargett*, 61 F.3d 410, 414-15 (5th Cir. 1995) (citing *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983)). Further, exhaustion "requires that normally a state prisoner's entire federal habeas petition must be dismissed unless the prisoner's state remedies have been exhausted as to all claims raised in the federal petition." *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996) (citing *Rose*, 455 U.S. at 518-19). The exhaustion doctrine gives "the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts, [and thus] 'serves to minimize friction between our federal and state systems of justice.'" *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (quoting *Rose*, at 518) (citations omitted). In this case, the Mississippi Supreme Court has not had a chance to pass upon the issues raised in the current petition; as such, the petition must be dismissed without prejudice for failure to exhaust state remedies.

## Case Should Not Be Stayed

Under *Rhines v. Weber*, 125 S.Ct. 1528 (2005), that this Court has the discretion to hold a federal habeas petition in abeyance for a limited time while a petitioner exhausts his claims in state court. This remedy is appropriate when dismissal of the petition might result in the petitioner losing his opportunity for federal review of his claims because a second petition, filed after the claims had been presented to the state court, would be barred under the AEDPA's statute of limitations provision. *Rhines*, 125 S. Ct. at 1535. The court should, however, stay the petition and hold the matter in abeyance "only in limited circumstances" – when the petitioner can first show good cause for failure to exhaust his claims in state court. *Id*. at 1535. White has not, however, stated a reason for his failure to exhaust state remedies, and the court will not stay the case.

In sum, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will be dismissed for failure to exhaust state remedies. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 14th day of April, 2014.

                                                         **/s/ Sharion Aycock**
                                                       **U.S. DISTRICT JUDGE**